Mark R. Figueiredo, Esq. (State Bar No. 178850)
*mrf@structurelaw.com*
Austin T. Jackson, Esq. (State Bar No. 312698)
*ajackson@structurelaw.com*
STRUCTURE LAW GROUP, LLP
1754 Technology Drive, Suite 135
San Jose, California 95110
Telephone: (408) 441-7500
Facsimile: (408) 441-7501

Attorneys for Plaintiff
AJAY JAIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAY JAIN, an individual,<br><br>Plaintiff,<br>v.<br><br>TESLA, INC., a Delaware corporation; and DOES 1-50,<br><br>Defendants. | CASE NO. 5:22-cv-3077-NC<br><br>**PLAINTIFF AJAY JAIN'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**<br><br>**[JURY TRIAL DEMANDED]** |

Pursuant to this Court's Order Granting Defendant's Motion to Dismiss, Docket Number 17, Plaintiff Ajay Jain hereby submits his First Amended Complaint:

**I.     THE PARTIES**

1. Ajay Jain ("Plaintiff") is now and was at the time the Complaint a California resident with his principal residence in Santa Clara County.

2. Tesla, Inc. ("Tesla") at the time this action was commenced, was and still is a corporation. A corporation is a citizen of any state where it has been incorporated and has its principal place of business. Tesla is now, and was at the time the Complaint was filed, a corporation incorporated in the state of Delaware with its principal place of business in the state of Texas.

3. The true names and capacities, whether individual, corporate, associate or

PLAINTIFF AJAY JAIN'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

otherwise of defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants proximately caused damages to Plaintiff as alleged herein and/or is responsible for the acts complained of herein. Plaintiff will seek leave of Court to amend this Complaint when the true identities of such DOE defendants have been ascertained.

4. Plaintiff is informed and believes, and thereon alleges that defendants named as DOES 1 through 50 were the agents, servants and/or employees of their co-defendants, and in doing or failing to do the acts alleged herein were acting in the course and scope of their authority and with the permission and consent of their co-defendants, and each of them.

## II.     JURISDICTION AND VENUE

5. This Court has jurisdiction over this case because complete diversity as of the time the action was commenced in state Court and exists now. Further, the amount in controversy is greater than $75,000 pursuant to Federal Rules of Civil Procedure Section 1332.[1]

6. Venue is proper based on the facts and allegations provided below and given the Northern District of California encompasses Santa Clara County where the injury occurred, and the property is located.

## III.     FACTUAL ALLEGATIONS

7. This case is about a dispute between Plaintiff, a good faith purchaser for value of a vehicle that Cole Pravda ("Mr. Pavda") sold to Plaintiff with all of his rights to do so as a possessor of "voidable title" and Tesla who failed to have adequate safeguards and procedures in place, which resulted in it being defrauded by a seventeen-year-old, not once but twice within 90 days. Tesla is now attempting to rectify its careless process of selling two cars to a seventeen-year-old by claiming ownership of and threatening to take possession of a vehicle from Plaintiff, regardless that it was properly purchased by an innocent bona fide purchaser rather than taking

---

[1] In cases where the plaintiff is seeking declaratory judgment, as in this case, the amount in controversy is calculated by the "value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

- 2 -

PLAINTIFF AJAY JAIN'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

action against the wrongdoer (Mr. Pravda).

8.  Tesla, upon learning that the wire transfer from Mr. Pravda was dishonored misrepresented the facts with the Houston police and reported the 2021 Model S Plaid VIN5YJSA1E62MF456324 (the "Vehicle") as stolen - which caused Plaintiff to be harassed by the local Saratoga, CA police, over $25,000 in legal cost and counting, inability to drive the vehicle, and lastly a vehicle which will carry a history of being stolen on its vehicle history report which dramatically reduces its value now. Tesla's falsification of facts to Houston Police and reporting this vehicle stolen caused significant harm to the Plaintiff and has resulted in a dispute as to who the true owner of the vehicle is.

9.  As will be detailed below, Mr. Pravda had voidable title, which he then could transfer good title to a good faith purchaser for value. Specifically, because Tesla entered into a transaction of purchase with Mr. Pravda, accepted a down payment from Mr. Pravda, voluntarily delivering the vehicle to Mr. Pravda at a place designated by Mr. Pravda, and the fact that Mr. Pravda initiated a wire transfer—although later dishonored—created voidable title for Mr. Pravda, which even if obtained through fraud, deceit of identity, or through a wire transfer that was later dishonored, allowed Mr. Pravda to sell good title to a good faith purchaser for value.[2]

10. As will be discussed at greater length below, Plaintiff then undertook painstaking measures (unlike Tesla, who sold a very expensive top of the line vehicle to a seventeen-year-old and then sold another vehicle to him approximately three months later even though his wire transfer did not clear on the first vehicle) to ensure the purchase of the Vehicle from Mr. Pravda was legitimate. Plaintiff did purchase the vehicle from Mr. Pravda—who had voidable title and thus able to sell good title to Plaintiff as a good faith purchaser—for approximately $127,500.

11. The Vehicle was in Mr. Pravda's possession in Houston, Texas for approximately

---

[2] Pursuant to UCC 2-403 (1), "A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though: (a) the transferor was deceived as to the identity of the purchaser, or (b) the delivery was in exchange for a check which is later dishonored, or (d) the delivery was procured through fraud punishable as larcenous under the criminal law.

- 3 -

PLAINTIFF AJAY JAIN'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

75 days before it was sold and shipped to Plaintiff. Ultimately, all while Mr. Pravda maintained voidable titled as explained below, Tesla waited nearly 5 months before it took any action related to the Vehicle or claiming any ownership interest in the Vehicle. Nonetheless, to date, Tesla is still taking the position that Mr. Pravda lacked the ability to sell the Vehicle to Plaintiff and is thus the rightful owner and should be in possession of the Vehicle. Whereas Plaintiff is taking the position that he is a good faith purchaser for value of the Vehicle from Mr. Pravda who was holding voidable title to the Vehicle, and thus he is the rightful owner and should retain possession of the Vehicle.

12. Ultimately, Tesla—although in the best position to prevent situations just like this—lacked adequate safeguards and procedures to prevent being defrauded twice by a seventeen-year-old and is now attempting to hold an innocent good faith purchaser accountable for its lack of procedures to prevent being defrauded by a seventeen-year-old, rather than itself or the wrongdoer (Mr. Pravda).

**A. Creation of Voidable Title**

13. Upon information and belief, Mr. Pravda entered into a Motor Vehicle Purchase Agreement to purchase the Vehicle for approximately $148,190.00. Further, upon information and belief, as part of the agreement between Mr. Pravda and Tesla, Mr. Pravda was required, and did, pay a down payment for the Vehicle. Upon information and belief, the agreement between Tesla and Mr. Pravda also required him to then wire the outstanding balance to Tesla.

14. Upon information and belief, Mr. Pravda used a fake identification card to deceive Tesla as to his identity, specifically his age.

15. Upon information and belief, after Mr. Pravda entered into the Motor Vehicle Purchase Agreement with Tesla and after Tesla received and accepted the down payment from Mr. Pravda, Mr. Pravda initiated a wire transfer for the remaining balance, which was later dishonored.

16. On or about December 18, 2021, Tesla, upon receiving the wire transfer from Mr. Pravda that was later dishonored, then voluntarily delivered the Vehicle, along with adding the vehicle to Mr. Pravda's Tesla account—which only Tesla could do—and providing him with 2

- 4 -
PLAINTIFF AJAY JAIN'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

keys and 2 key cards to the Vehicle.

17.     Ultimately, Mr. Pravda entered into a transaction to purchase the Vehicle through the Motor Vehicle Purchase Agreement with Tesla. Tesla then, after receiving and accepting the down payment pursuant to the agreement between Tesla and Mr. Pravda and after Mr. Pravda initiated a wire transfer (although later dishonored), **voluntarily** delivered the Vehicle, and the keys to the Vehicle.  Even though the Vehicle may have been acquired through deceit of identity, through a wire transfer that was dishonored, and/or through fraud, it nonetheless created voidable title allowing Mr. Pravda to sell good title to a good faith purchaser for value pursuant to Uniform Commercial Code Section 2-403.

**B.    Plaintiff is A Good Faith Purchaser for Value.**

18.     In or around early January 2022, Plaintiff was searching for a Tesla Model S Plaid. Plaintiff located the Vehicle for sale in Houston, Texas by Mr. Cole Alan Pravda ("Mr. Pravda").

19.     On or around January 9, 2022, Plaintiff, through his son, reached out to Mr. Pravda about his Facebook Marketplace advertisement selling the Vehicle. Mr. Pravda then sent over images of the window sticker, the Certificate of Origin, and the Motor Vehicle Purchase Agreement, which provided that the Vehicle was purchased on December 18, 2021, and was paid in full.

20.     On the next day, nearly a month after Mr. Pravda originally paid the down payment and, upon information and belief, initiated the wire transfer, Plaintiff's son, in an attempt to ensure the legitimacy of the purchase of the Vehicle, contacted Tesla to confirm that the Vehicle was in fact sold to Mr. Pravda. A representative for Defendant spoke with Plaintiff's son and checked the vehicle identification number ("VIN") of the Vehicle. After checking the VIN of the Vehicle, Defendant's representative confirmed that the Vehicle was sold to Mr. Pravda and that the Vehicle had been paid in full. During that call, there was never any mention of any delinquency of payments from Pravda, any lien on the Vehicle, or any fraud with the Vehicle.  In fact, Plaintiff's son made abundantly clear to Tesla's representative that Plaintiff intended on purchasing the Vehicle and the representative raised no issue with such purchase or title. Further to this point, Mr. Pravda sent a screenshot of the Tesla App showing the vehicle was paid in full.

PLAINTIFF AJAY JAIN'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

21. On that same day, Plaintiff sent Mr. Pravda via overnight mail a California DMV Form 262 (Vehicle/Vessel Transfer and Reassignment Form) for Mr. Pravda to sign. Plaintiff also sent Mr. Pravda an Application for Replacement or Transfer of Title form from the California DMV, which Mr. Pravda filed out, signed, and sent back to Plaintiff.

22. On January 25, 2022, Mr. Pravda sent two receipts on Texas Department of Motor Vehicles letterhead showing payment of taxes and registration in Collin County Texas for the Vehicle.

23. On January 28, 2022, the Vehicle was picked up from Mr. Pravda's residence and was then delivered to Plaintiff's residence on February 2, 2022 (nearly two months since Mr. Pravda entered into the agreement with Tesla and since Tesla received and accepted the down payment and since the voluntary delivery of the Vehicle). After receiving the Vehicle, Plaintiff asked Mr. Pravda to transfer the Vehicle to Plaintiff's Tesla account. Tesla allowed for Mr. Pravda to transfer the Vehicle from his account to Plaintiff's account, which was later confirmed by a Tesla representative that the transfer could not be done unless the Vehicle was in good standing. Tesla was the only one with the power and authority to transfer the vehicle from Tesla to Mr. Cole Pravda's personal Tesla account initially and then enabled the transfer from Mr. Pravda's Tesla account to Plaintiff's Tesla Account if the Vehicle was not in good standing. By transferring the Vehicle to Plaintiff's Tesla account from Mr. Pravda's Tesla account, Tesla essentially endorsed the sale of the car as valid and legitimate and admitted that the car was in good standing and that Tesla had no objection to Mr. Pravda selling the vehicle to the Plaintiff. The Plaintiff then sent a cashier's check in the amount of $127,500 to Mr. Pravda at 5231 Calle Cordoba Pl, Houston TX 77007.

24. When the Vehicle was transferred to Plaintiff's account there was no issue or notice of any issue regarding the title, delinquency of payment, or any other issue related to the Vehicle. As of the date of this filing, the Vehicle is still attached to Plaintiff's Tesla account and there is no notice of any issue regarding the Vehicle.

25. Over the next 20 days or so, Mr. Pravda continually assures Plaintiff that he will be receiving the registration to the Vehicle soon, but that the Texas' DMV is backed up.

26.     After nearly a month of waiting, on March 7, 2022, Plaintiff's son contacts the Texas DMV and the Collin County Tax Office to inquire about the Vehicle. Both offices had no record of the registration or title application. However, neither office mentioned any issues relating to the Vehicle either. At this point, Plaintiff confronts Mr. Pravda about this issue, but Mr. Pravda never responded.

27.     Shortly thereafter, Ryan Saunders from Tesla's Fraud Department contacted Plaintiff regarding the Vehicle. It was at this time, and for the first time, Plaintiff learned that the Vehicle was not paid for in full, but instead had an outstanding balance of $148,277.25 due from Mr. Pravda to Tesla because his wire transfer was dishonored. In other words, it was not until three months had passed since Mr. Pravda's wire transfer was initiated, and likely did not clear, before Tesla made any communication regarding the outstanding amount owed from Mr. Pravda to Tesla, and it was only after Plaintiff contacted Tesla.

28.     On the same call, Mr. Saunders also confirmed that if the Vehicle had not been paid in full and was not in good standing, then Defendant would not have allowed for the vehicle to be transferred from Mr. Pravda's Tesla account to Plaintiff's Tesla account.

29.     Ultimately, Plaintiff undertook a painstaking process to ensure that the purchase of the Vehicle was a legitimate purchase for value and did significantly more investigative work than Tesla. In other words, Plaintiff neither knew nor should have known of any issue regarding Mr. Pravda's fraudulent acts or the later dishonored wire transfer. Further, and as explained above, Plaintiff's purchase was for value. As such, Plaintiff qualifies as a good faith purchaser for value of the Vehicle.

**C.     Dispute Between Plaintiff and Tesla Over Ownership of the Vehicle.**

30.     After approximately 5 months after selling the Vehicle to Mr. Pravda, and for the first time, Tesla took the position that it is the rightful owner of the vehicle and improperly reported the Vehicle as stolen to the Houston Police Department. Upon information and belief, Tesla did not take any other actions against the wrongdoer. Specifically, upon information and belief, Tesla did not put a lien on the vehicle, Tesla did not attempt to collect the outstanding payments owed under the agreement between Mr. Pravda and Tesla, and Tesla did not engage

PLAINTIFF AJAY JAIN'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

any kind of debt collection company to recover the money it was owed.

31. The only action taken by Tesla was against the innocent good faith purchaser by threatening to repossess the Vehicle from Plaintiff—regardless of Plaintiff's status as a good faith purchaser for value and without any legal or factual basis to do so—and improperly reporting the Vehicle as stolen to the Houston Police Department—regardless of Mr. Pravda having voidable title, as discussed above, which he can sell good title to a good faith purchaser for value—in hopes that the Santa Clara County Sherriff's office would repossess the Vehicle from Plaintiff and to deprive Plaintiff of his right to enjoy the use of the Vehicle. Tesla would not have and would not continue to maintain that the Vehicle is stolen and seek repossession of the Vehicle unless is believes or is taking the position that is the rightful owner of the Vehicle.

32. Further to Tesla's position that it owns the Vehicle and thus should be in possession of the Vehicle, by improperly reporting the Vehicle as stolen to the Houston Police Department, the Santa Clara County Sheriff's Office then reached out to Plaintiff in an attempt to repossess the vehicle on behalf of Tesla. The only reason the Santa Clara County Sheriff's Office did not repossess the Vehicle at this time is because Plaintiff's counsel explained to the Santa Clara County Sheriff's Office the legal argument that Plaintiff is good faith purchaser of value from Mr. Pravda, who held voidable title and because there was a pending action regarding the rights and ownership interests to the Vehicle. In response, the Santa Clara County Sheriff's Office, after conferring with the Santa Clara County Counsel, decided to not take any action until the parties' rights and interest are decided by this Court. Nonetheless, because of Tesla's claim that it is the owner of the Vehicle and that it has been stolen and that it should be in possession of the Vehicle, Plaintiff was instructed by the Santa Clara County Sheriff's Office to not drive the Vehicle and to keep it in his garage until this Court has made a determination as to the rights and interest of the parties preventing Plaintiff for enjoyment of the Vehicle he rightfully owns.

33. To date, and upon information and belief, Tesla is still taking the position that it is the rightful owner of the Vehicle and believes it should be in possession of the Vehicle regardless of Plaintiff's status as a good faith purchaser for value and Mr. Pravda's having voidable title which would allow him to sell good title to Plaintiff. Plaintiff on the other hand, and based on the

foregoing allegations, takes the position that Mr. Pravda had title and as a good faith purchaser for value is the rightful owner of the Vehicle and should retain possession of the Vehicle. As such, there is a definite and concrete dispute as to the legal interest in the Vehicle.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief)**

32.   Plaintiff realleges and incorporates herein by reference paragraphs 1 through 17, inclusive, of this Complaint as though fully set forth herein.

33.   An actual controversy has arisen and now exists between Plaintiff and Defendant concerning the ownership interest and possession of the Vehicle. Plaintiff desires a judicial determination of the parties' respective rights and obligations, and such determination is proper at this time given that an actual dispute exists

34.   Plaintiff wishes that Defendant's adverse claims to the Vehicle be determined by a decree of this Court.

35.   Plaintiff alleges that he is entitled to a judicial declaration since he is good faith purchaser for value of the Vehicle, then he is thus the rightful owner of the Vehicle.

**PRAYER**

1.   For a judgment declaring that Defendant has no legal, equitable, or other interest in the Vehicle;

2.   For a judgment declaring that Plaintiff is the rightful owner of the Vehicle and has all legal, equitable, and other interest in the Vehicle; and

3.   For such other and further relief as the court may deem just and proper.

///

///

///

///

///

///

///

PLAINTIFF AJAY JAIN'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in the above-captioned matter on all matters so triable.

Date: August 10, 2022  STRUCTURE LAW GROUP, LLP

By: _____
Mark R. Figueiredo, Esq.
Austin T. Jackson, Esq.
Attorneys for Plaintiff
AJAY JAIN